IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOUTH BEND, INDIANA,<br><br>Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff United States of America ("United States") alleges:

1.  The United States brings this civil action to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), with respect to race and sex discrimination.

2.  As detailed below, the United States alleges that the City of South Bend, Indiana ("South Bend"), through the South Bend Police Department ("SBPD") (collectively referred to as "Defendant"), has used and continues to use a written test and physical fitness test ("PFT") to screen and select applicants for police officer positions at SBPD. From at least 2016 to the present, Defendant has used a written test that disproportionately excludes African-American applicants and a PFT that disproportionately excludes female applicants. Defendant's use of these tests is not job related or consistent with business necessity. Defendant has therefore violated Title VII by engaging in a pattern or practice of employment discrimination against African-American and female applicants in its police officer selection procedures.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-6(b) and 28 U.S.C. §§ 1331, 1343(a)(3), and 1345.

4. Venue is proper in the United States District Court for the Northern District of Indiana under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because all or a substantial part of the acts or omissions giving rise to this cause of action took place in this judicial district.

## PARTIES

5. Plaintiff is the United States of America.

6. South Bend is a governmental entity and/or political subdivision created pursuant to the laws of the state of Indiana.

7. South Bend is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. The United States, through the United States Department of Justice, has investigated Defendant's policies and practices in selecting police officers as they affect African-American and female applicants. The United States has notified Defendant of that investigation and of its determination that the policies and practices outlined in this Complaint are unlawful.

## FACTUAL ALLEGATIONS

A. <u>SBPD's Police Officer Selection Process</u>

9. Defendant maintains the SBPD and, through it, employs police officers who, among other things, are responsible for protecting individuals and property in the City of South Bend. The job duties and responsibilities of SBPD police officers include, but are not limited to, patrolling on foot or by vehicle, responding to assigned calls, and searching for suspicious

activity or situations; assessing situations, determining the need for assistance of other officers or agencies, and taking appropriate action; providing emergency aid to injured people and moving people away from danger; investigating accidents and reports of crimes; pursuing and apprehending suspects; and testifying in court and preparing for such testimony by reviewing reports and notes.

10. Defendant is responsible for the recruitment and hiring of SBPD police officers.

11. Defendant is responsible for establishing the terms, conditions, and other practices that bear upon the selection and employment of SBPD police officers.

12. Since at least 2016, Defendant has used a multi-step process to select SBPD police officers. Among other screening devices, this multi-step selection process includes a written test and PFT.

13. At the start of the selection process, Defendant screens all applicants. Those who fail to meet a set of minimum qualifications are disqualified and are not hired as SBPD police officers.

14. Applicants who meet the minimum qualifications must successfully pass a PFT to advance further in the selection process. Applicants who do not pass the PFT are disqualified and are not hired as SBPD police officers.

15. Applicants who pass the PFT must then successfully obtain a passing score on a written test. Applicants who do not pass the written test are disqualified and are not hired as SBPD police officers.

B. CMPD's Physical Fitness Test

16. Since at least 2016, Defendant has used a PFT to screen candidates for SBPD police officer positions. The PFT is a pass/fail component of the selection process. Only

individuals who pass the PFT may continue in the selection process.

17. The PFT requires applicants to perform six activities, including a vertical jump, sit-ups, 300-meter run, push-ups, 1.5-mile run, and a pistol trigger pull. To pass the PFT, candidates must meet specific standards for each of the six PFT components.

18. Since at least 2016, female applicants have passed the PFT at a lower rate than male applicants.

19. From 2016 through August 2019, approximately 87.6 percent of male test-takers passed the PFT, while approximately 45.5 percent of female test-takers passed. During this period, the difference between the pass rates of female and male applicants on the PFT is statistically significant at greater than three units of standard deviation.

20. In or around August 2019, Defendant, while still requiring applicants to perform the same six activities on the PFT, lowered the passing standards. Since that time, female applicants have continued to pass the PFT at a lower rate than male applicants.

21. Since August 2019, approximately 83.8 percent of male test-takers passed the PFT, while approximately 47.4 percent of female test-takers passed. During this period, the difference between the pass rates of female and male applicants on the PFT is statistically significant at greater than three units of standard deviation.

22. Since at least 2016, the PFT and Defendant's method of use of the PFT has not been job related or consistent with business necessity and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

23. Even if Defendant could demonstrate that its use of the PFT is job related and consistent with business necessity, there are alternative selection procedures that it could have used that would have resulted in less adverse impact against female applicants and still served

Defendant's legitimate needs.

24. As a result of Defendant's use of the PFT, Defendant has hired fewer female applicants as SBPD police officers since at least 2016 than it otherwise would have had it used a nondiscriminatory screening device.

C. <u>SBPD's Written Test</u>

25. Since at least 2016, Defendant has used a written test developed by Testing for Public Safety, LLC, formerly known as the Institute for Public Safety Personnel, Inc.

26. The written test includes 120-130 multiple choice questions broken down into seven sections: (1) Learn and Apply Knowledge; (2) Observe and Accurately Describe Events and Objects; (3) Remember Identifying Information; and (4) Remember Shapes and Spatial Relationships; (5) Complete Routine Forms; (6) Grammar; and (7) Spelling.

27. Until 2017, applicants had to score at least 82 percent to pass the written test and advance to the next step in Defendant's selection process.

28. Since in or around 2017, the test components have remained the same but the minimum passing score was lowered to 80 percent.

29. Since at least 2016, African-American applicants have passed the written test at a lower rate than white applicants. Approximately 84.1 percent of white test-takers passed the written test, while approximately 62.8 percent of African-American test-takers passed.

30. Since at least 2016, the difference between the pass rates of African-American and white applicants on the written test was statistically significant at greater than three units of standard deviation.

31. Since at least 2016, the written test and Defendant's method of use of the written test has not been job related or consistent with business necessity and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

32. Even if Defendant could demonstrate that its use of the written test is job related and consistent with business necessity, there are alternative selection procedures that it could have used that would have resulted in less adverse impact against African-American applicants and still served Defendant's legitimate needs.

33. As a result of Defendant's use of the written test, Defendant has hired fewer African-American applicants as SBPD police officers since at least 2016 than it otherwise would have had it used a nondiscriminatory screening device.

## UNITED STATES' PATTERN OR PRACTICE CLAIMS

### COUNT ONE
### Title VII, 42 U.S.C. § 2000e-2(a)
### Use of the Physical Fitness Test

34. Plaintiff United States re-alleges and incorporates by reference paragraphs 1 through 33.

35. Since at least 2016, Defendant's use of the PFT in its selection process has caused a disparate impact on female applicants on the basis of sex, is not job related for the position in question, is not consistent with business necessity, and otherwise does not meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

36. Even if Defendant could show that its use of the PFT was job related and consistent with business necessity, Defendant has not met the requirements of 42 U.S.C. § 2000e-2(k) because there were alternative selection procedures that it could have used that

would have resulted in less adverse impact against female applicants and still served SBPD's legitimate needs.

37. Defendant's policies and practices outlined in paragraphs 9 through 24 constitute a pattern or practice of discrimination against women in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Under Section 707 of Title VII, 42 U.S.C. § 2000e-6, the United States brings this civil action requesting relief.

## COUNT TWO
### Title VII, 42 U.S.C. § 2000e-2(a)
### Use of the Written Test

38. Plaintiff United States re-alleges and incorporates by reference paragraphs 1 through 37.

39. Since at least 2016, Defendant's use of the written test in its selection process has caused a disparate impact on African-American applicants on the basis of race, is not job related for the position in question, is not consistent with business necessity, and otherwise does not meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

40. Even if Defendant could show that its use of the written test was job related and consistent with business necessity, Defendant has not met the requirements of 42 U.S.C. § 2000e-2(k) because there were alternative selection procedures that it could have used that would have resulted in less adverse impact against African-American applicants and still served SBPD's legitimate needs.

41. Defendant's policies and practices outlined in paragraphs 9 through 15 and 25 through 33 constitute a pattern or practice of discrimination against African Americans in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Under Section 707 of Title VII, 42 U.S.C. § 2000e-6, the United States brings this civil action requesting relief.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court order Defendant South Bend, and its officers, agents, employees, successors, and all persons in active concert or participation with them, including SBPD, to:

a. refrain from using a written test to screen and select applicants for SBPD police officer positions where such use results in a disparate impact on African Americans, is not job related for the police officer position and consistent with business necessity, and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k);

b. refrain from using a physical fitness test to screen and select applicants for SBPD police officer positions where such use results in a disparate impact on women, is not job related for the police officer position and consistent with business necessity, and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k);

c. provide make whole remedial relief to all persons who have been harmed by the discrimination alleged in this Complaint; and

d. adopt other appropriate nondiscriminatory measures to correct the present effects of its discriminatory policies and practices, including the use of police officer selection procedures that comply with Title VII.

Plaintiff United States prays for such additional relief as justice may require, together with its costs and disbursements in this action.

Date:  October 11, 2024

Respectfully submitted,


KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division

JENNIFER M. SWEDISH
Deputy Chief

*/s/ Juliet E. Gray*
JULIET E. GRAY
NADIA E. SAID
SHAN R. SHAH
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street, N.E.
Washington, DC  20530
(202) 598-1600
(202) 305-5873
(202) 598-9621
Juliet.Gray@usdoj.gov
Nadia.Said@usdoj.gov
Shan.Shah@usdoj.gov


Attorneys for Plaintiff United States of America

9